

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RANDY LEE RINDAHL, )
)
    Plaintiff, )
) Civil Action No. 1:19-cv-03322 (UNA)
)
JACQUELINE ROBERTSON, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, affidavit and brief in support of the complaint, and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case. Plaintiff has also filed a motion for TRO and a motion to appoint judge.

Plaintiff, a state prisoner designated to the South Dakota State Penitentiary, located in Sioux Falls, has filed a complaint and affidavit seeking injunctive and declaratory relief and monetary damages. He alleges that the State of South Dakota Department of Corrections ("SDDC") and its health care subcontractors have conspired to engage in wide-ranging fraud and misconduct. As a result, plaintiff alleges that he has suffered physically and emotionally. He sues the United States Department of Justice, the United States Attorney General, a United States Department of Justice Program Analyst, and "any and all unknown personnel working for and behalf of the United States within their official and unofficial capacity." Plaintiff's claims against these defendants are wholly based in his discontent with their alleged failure to investigate and/or prosecute the alleged conspiracy within the SDDC.

The decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same).

Similarly, plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a complaint. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has absolute discretion to decide whether to conduct an investigation or prosecute a case and such decisions are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see also Powell*, 359 F.2d at 234–35; *Shoshone–Bannock Tribes*, 56 F.3d at 1480–81. "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

To the extent that plaintiff alleges constitutional violations against the SDDC, venue here is improper. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a

2

substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a). Courts in this jurisdiction must examine personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). By naming a federal agency as a defendant, a plaintiff could attempt to bring a suit in the District of Columbia that should properly be pursued elsewhere. *See id.* Here, no connection is established between the alleged constitutional violations within plaintiff's state prison and the federal defendants. Therefore, these claims shall be dismissed pursuant to 28 U.S.C. § 1406(a).

For all of these reasons, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: Dec. 20, 2019

3